IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| T.C.R., | |
|     Plaintiff, | |
| v. | Case No.: 5:24-cv-296-CHW |
| COMMISSIONER OF SOCIAL SECURITY, | Social Security Appeal |
|     Defendant. | |

**ORDER**

This is a review pursuant to 42 U.S.C. § 405(g) of a final decision of the Commissioner of the Social Security Administration denying Plaintiff T.C.R.'s application for disability benefits. The parties consented to have a United States Magistrate Judge conduct proceedings in this case, and as a result, any appeal from this judgment may be taken directly to the Eleventh Circuit Court of Appeals. As discussed below, the ALJ properly considered the opinions of Drs. Cain and Berry under 20 C.F.R. 404.1520c. Because substantial evidence supports the ALJ's opinion, the Commissioner's decision in Plaintiff's case is **AFFIRMED**.

**I.     Background**

Plaintiff/Claimant T.C.R. was born on September 27, 1987. (R. 60). Plaintiff applied for Title II and Title XVI disability benefits in January 2020, alleging disability arising as of July 17, 2017, due to Mixed Connective Tissue Disease, Gastroesophageal Reflux Disease, Posttraumatic Stress Disorder, Bipolar I Disorder, and Gout. (Exs. 2D, 3D); (R.

1

61). After Plaintiff's application was denied initially and on reconsideration at the state agency level of review (Exs. 1A–7B), Plaintiff requested further review before an Administrative Law Judge (ALJ). At a hearing before the ALJ in September 2023, Plaintiff explained that she has connective tissue disease which causes swelling and numbness in her hands and legs so that she is unable use her hands or stand for prolonged periods. (R. 48–52).

In December 2023, the ALJ issued an opinion finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 14). In relevant part, the ALJ found that Plaintiff could perform light work with limitations or exceptions. (R. 22). Plaintiff subsequently requested further review before the Appeals Council, but in July 2024, the Appeals Council declined Plaintiff's request for further administrative review. (R. 1).

Plaintiff now seeks judicial review of the Commissioner's decision, arguing that the ALJ erred by not properly considering the medical opinions of two physicians. As discussed below, Plaintiff's argument does not warrant remand. Rather, because substantial evidence supports the ALJ's findings, the Commissioner's decision is affirmed.

**II.    Standard of Review**

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether the decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation and citation omitted). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* The Eleventh

Circuit has explained that reviewing courts "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Id.* (citation omitted). Rather, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the evidence preponderates against it. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Consequently, the Court's role in reviewing claims brought under the Social Security Act is quite narrow.

The Commissioner's findings of law are given less deference. Those, the Court will consider *de novo*. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022).

### III. Evaluation of Disability

Social Security claimants are "disabled" if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Under the Social Security regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The Commissioner determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the

claimant can perform given the claimant's RFC, age, education, and work experience.

Winschel, 631 F.3d at 1178 (citations omitted).

### IV. Medical Record

In October 2017, Plaintiff presented with depression due to her medication running out. (*Id*.). Her provider assessed her with bipolar disorder and PTSD and proscribed Cymbalta, Seroquel, and Hydroxyzine. (R. 631–32). Plaintiff returned the following month and informed her provider that her medication was exacerbating her anxiety. (R. 634). In December 2017, Plaintiff informed her provider that her medication was making her feel "unwell." (R. 641). Her provider noted that Plaintiff appeared calm and cooperative, ambulated without difficulty, and could perform activities of daily living without assistance. (R. 644).

Primary care records from May 2018 indicate that Plaintiff had normal cardiovascular findings, no edema bilaterally, a nontender abdomen, an intact motor and sensory exam, normal reflexes, and normal gait, station, and posture. (R. 516–17). Plaintiff returned to primary care the following month with complaints of abdominal pain, and a subsequent examination revealed normal chest and lung findings, a nontender abdomen, no edema bilaterally, an intact motor and sensory exam, normal reflexes, right arm shoulder pain when elevating and abducting above 90 degrees, and normal gait, station, and posture. (R. 504–05).

Plaintiff's challenge in this case argues only that the ALJ failed to properly evaluate the opinions of two consultative medical examiners, Drs. Danielle Berry and Alica Cain,

in formulating Plaintiff's RFC. Therefore, this medical summary focuses on these reports as they appear in the record. However, the entire medical record has been reviewed in preparation of this report. To the extent that any further medical records are warranted, they are discussed in the Court's analysis.

Treatment records note that Plaintiff has a history of drug abuse, mental health disorders, insomnia, GERD, and hypertension. (R. 430, 628). In February 2021, Plaintiff was examined by Dr. Alicia Cain at the request of the state disability office. (R. 782). Plaintiff complained of joint pain and non-radiating lumbar pain, swelling and pain in her joints, and gout. (*Id.*). Dr. Cain noted that Plaintiff was cooperative during this exam and did not use an ambulatory device. (*Id.*). Plaintiff reported that her pain compromised her ability to sit, stand, walk, lift, and climb stairs. (*Id.*). Plaintiff reported also that she drinks alcohol every day. (*Id.*). A physical examination of Plaintiff revealed that Plaintiff was morbidly obese, was able to stand erect, had a normal gait, had no difficulty with tandem walking, and was able to climb on and off the exam table without difficulty. (R. 783). Plaintiff had no joint deformity but did present with a swollen right ankle and swollen bilateral hands. (*Id.*). Dr. Cain noted further that Plaintiff had diffused joint tenderness, no involuntary movements or tremors, normal range of motion of the neck, back, hips, knees, ankles, and feet, and mild grip weakness bilaterally. (R. 783–87). Dr. Cain opined ultimately that Plaintiff may have difficulty sitting, may have difficulty lifting and carrying more than twelve pounds, may have difficulty with prolonged standing or walking, could handle objects with difficulty, and did not have any environmental restrictions. (R. 783).

In May 2022, Plaintiff underwent another consultative medical examination—this time by Dr. Danielle Berry. (Ex. 14F). Dr. Berry noted that Plaintiff has had pain in her cervical, thoracic, and lumbar vertebrae and bilaterally in the shoulders, elbow, wrists, hands, hips, knees, ankles, and feet. (R. 846). A physical exam revealed that Plaintiff was "in no acute distress but endorsing increasing pain as exam continues." (R. 849). Plaintiff was unable to walk on her heels or toes, unable to squat, unable to do tandem heel walk, and was unable to bend and touch her toes. (*Id.*). Dr. Berry noted also that Plaintiff ambulated with difficulty but without an assisted device, had difficulty getting out of her chair, and had difficulty getting on and off the exam table. (*Id.*). Plaintiff had a normal gait, tenderness to palpitation, a normal range of motion, a palpable spasm along right lateral leg with tenderness, and no joint deformities. (R. 849–51). As to Plaintiff's motor strength, Dr. Berry noted that Plaintiff did not fully cooperate and "offers strong effort one time[] but asserts pain too great to engage in repetitions." (R. 851–52). Plaintiff exhibited normal motor strength in both arms and legs. (R. 851). Ultimately, Dr. Berry opined that Plaintiff had limitations. (R. 853). Specifically, Dr. Berry opined that:

> [P]resentation today appears to indicate current limitations in the occasionally spectrum for sustainability in standing, walking, bending, stooping, squatting, crouching, or lifting from these positions, repetitive strong grasp or other motions requiring strength, and reaching at or above shoulder level with this varying as disease flares or improves (down to "not at all" during acute flares, up to "near continuous" if remission can be achieved and other difficulties sufficiently controlled).

(R. 852).

6

V.   **Disability Evaluation in This Case**

Following the five-step sequential evaluation process, the reviewing ALJ made the following findings in Plaintiff's case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 17, 2017, her alleged onset date. (R. 19). Next, the ALJ found that Plaintiff suffered from the following severe impairments: "obesity; bipolar disorder; posttraumatic stress disorder (PTSD); generalized anxiety disorder; alcohol use disorder; chronic venous insufficiency of the lower extremities; right knee patella alta; gout; mixed connective tissue disease; asthma; and hernia." (R. 19–20).

At step three, the ALJ found that Plaintiff's impairments did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20). Therefore, the ALJ assessed Plaintiff's RFC and found that Plaintiff could perform light work with the following limitations:

> [Plaintiff] is limited to frequent handing and fingering bilaterally; is limited to frequent overhead reaching bilaterally; can perform no climbing of ropes, ladders, or scaffolds; can occasionally balance, stoop, crouch, crawl, kneel, and climb ramps and stairs; can have frequent exposure to workplace hazards, such as moving machinery and unprotected heights; can have frequent exposure to dusts, fumes, gases, and other pulmonary irritants; is limited to simple and routine tasks with simple work-related decisions, occasional interaction with the public and coworkers, and occasional, routing workplace changes.

(R. 22–23). Based on this RFC, the ALJ determined at step four that Plaintiff was unable to perform her past relevant work as an Elderly Companion. (R. 31). At step five, the ALJ found that Plaintiff could adjust to the requirements of other jobs including Mail Room

7

Clerk, Assembler, and Price Marker. (R. 32). Accordingly, the ALJ ruled that Plaintiff was not disabled within the meaning of the Social Security Act.

VI.   **Analysis**

Plaintiff argues only that the ALJ did not properly weigh the opinions of Drs. Cain and Berry which, in turn, caused the ALJ to improperly determine Plaintiff's residual functional capacity (RFC).

A. <u>Substantial evidence supports the ALJ's findings that Drs. Cain and Berry's opinions were not persuasive.</u>

For applications filed on or after March 27, 2017, the weight given to all medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under these regulations, the agency no longer defers or gives any specific evidentiary weight to any medical opinion. 20 C.F.R. § 404.1520c(a). The decision instead must articulate how persuasive the medical opinions and prior administrative findings were found to be. 20 C.F.R. § 404.1520c(b). The decision is not required to articulate the determination for each and every record, however, and instead may discuss the source of the opinion in a single analysis. 20 C.F.R. § 404.1520c(b)(1). The following factors will be used to consider and weigh the record: supportability, consistency, relationship with the claimant, and specialization. 20 C.F.R. § 404.1520c(c)(1)–(4). The most important factors are supportability and consistency, and the decision must state how these factors were considered in the disability determination. 20 C.F.R § 404.1520c(b)(2).

In this case, after reviewing the decision, the ALJ correctly identified and applied the applicable legal standards to the entire medical record, and the decision adequately

explains the findings and conclusions. The ALJ summarized the record and determined that Dr. Cain's opinion was moderately persuasive and that Dr. Berry's opinion was not persuasive. (R. 31). In finding that Dr. Cain's opinion was moderately persuasive, the ALJ explained that Dr. Cain's opinion

> is somewhat supported by her objective findings of morbid obesity; no acute distress; clear lungs; no rales, rhonchi, or wheezes; normal cardiovascular findings; no peripheral edema; ability to climb on and off the table without difficulty; no joint deformity; swollen and tender right ankle; no muscle atrophy; no limb asymmetry; swollen and tender bilateral hands; normal gait; no difficulty with tandem walking; no use of a cane, wheelchair, or walker; diffused joint tenderness; no sensory deficit; no involuntary movements; no tremor; appropriate grooming; good attention span; good short and long-term memory; reduced range of motion of the neck, back, hips, and knees; positive straight leg raise test; and mild grip weakness bilaterally (Ex. 9F at 2-7). However, her limitations are not well-defined ("with difficulty," "might have difficulty") and are not consistent with subsequent objective findings of normal gait and station; normal straight leg raise; normal motor strength; and no atrophy (Ex. 16F at 2; 17F at 4-5).

(R. 31). The ALJ then found Dr. Berry's opinion to be not persuasive because Plaintiff "did not cooperate fully with the examination and it is not adequately supported. In addition, Dr. Berry's limitations are not consistent with [Plaintiff's] treating providers' physical examination findings of normal gait, station, and posture; intact sensation; and normal reflexes (Ex. 4F at 6-7, 45-46, 54, 58; 20F at 73-74; 16F at 2). (*Id.*).

While the ALJ is not required to use "magic words," the ALJ must "articulat[e] his consideration of the supportability and consistency factors . . . ." *Stephenson v. Comm'r of*

9

*Soc. Sec.*, No. 6:21-CV-1536-DCI, 2023 WL 2305967, at *2 (M.D. Fla. Mar. 1, 2023) (citation omitted); *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citation omitted). In this case, the ALJ clearly did so. In finding that Dr. Cain's opinion was moderately persuasive, as noted above, the ALJ explained that Dr. Cains's opinion was "somewhat supported" by other objective medical records. (R. 31). The ALJ then explained that Dr. Cain's opinion was not fully persuasive because it was not consistent with other objective medical evidence that Plaintiff exhibited a normal gait and motor strength and no atrophy. (*Id.*). For example, primary care notes from October 2020 showed normal range of motion of the neck, no edema in the bilateral lower extremities, no sensory deficit, slight bilateral tenderness in the calf, and "diffuse decrease in muscle strength and handgrip in the bilateral upper extremities and lower extremities, diffusely 3-4/5." (R. 1080–81). Orthopedic notes from an April 2023 exam note normal strength, normal straight leg raise bilaterally, and no atrophy. (R. 916–17). Gastroenterologist notes from July 2023 note that Plaintiff was ambulating without difficulty, had a normal gait and station, and did not have tenderness. (R. 876).

As for Dr. Berry's opinion, the ALJ explained that the proposed limitations were not consistent with or supported by other objective medical evidence, noting that Plaintiff had normal gait, station, posture, and reflexes, and intact sensation. (*Id.*). A careful review of the ALJ's decision, viewed under the deferential substantial evidence standard, supports the finding that the ALJ adequately articulated the basis for discounting Drs. Cain and

Berry's opinions. Plaintiff's argument that the ALJ did not properly weigh these opinions is thus contradicted by the record.

    B.  <u>Substantial evidence supports the ALJ's RFC finding.</u>

Plaintiff appears to argue next that the ALJ's RFC finding is not supported by substantial evidence.[1] RFC is "an assessment, based upon all of the relevant evidence, of [Plaintiff's] remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). Critically, "the RFC is the *most* a claimant can still do despite his or her restrictions." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1273 (11th Cir. 2024) (emphasis added) (citing 20 C.F.R. § 404.1545(a)(1)). The ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320–21 (11th Cir. 2021) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)).

Substantial evidence supports the ALJ's RFC finding in this case. Plaintiff contends that the ALJ must have deferred to Drs. Cain and Berry in determining Plaintiff's RFC. Such an argument, however, is inconsistent with the law. Although the ALJ must consider all the relevant evidence in the medical record, including medical opinions, in assessing Plaintiff's RFC, *See* 20 C.F.R. § 404.1545(a)(1), it is the responsibility of the ALJ ultimately to assess Plaintiff's RFC. 20 C.F.R. § 404.1546(c); *see, e.g.*, *Robinson v. Astrue*,

---

[1] Plaintiff's argument to this point omits reference to the deferential substantial evidence standard and states only that, "the ALJ committed reversible error as the RFC should have been limited to occasional standing and walking, occasional repetitive strong grasp or other motions requiring strength, and occasional reaching as set forth in the opinions of Dr. Cain and Dr. Berry." (Doc. 9, p. 4).

11

365 F. App'x 993, 999 (11th Cir. 2010) ("We note that the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors."). As discussed above, the ALJ properly considered the opinions of Drs. Cain and Berry. The ALJ then determined those opinions to be moderately persuasive and not persuasive, respectively, due to other medical evidence. Consequently, the ALJ formulated the RFC based on all the medical evidence in the record, not just one based on the opinions of Drs. Cain and Berry. That the ALJ's RFC finding was not as limiting as Plaintiff thought it should be does not equate to error. Because substantial evidence supports the ALJ's RFC finding, no remand is warranted.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the Commissioner's decision be **AFFIRMED**.

**SO ORDERED**, this 1st day of August, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge